UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM D. COBB, JR.,

    Plaintiff,

        v.                                CAUSE NO. 3:20-CV-835-JD-MGG

LIEUTENANT SNOW,

    Defendant.

OPINION AND ORDER

Malcom D. Cobb, Jr., a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint,[1] Cobb alleges that, on August 25, 2019, he submitted an informal grievance to Lieutenant Snow, which read:

---

[1] Cobb has attached exhibits to his complaint, which are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

> Lt. Snow was in chow hall. I asked him do you remember when you shook me down and cuffed me up behind my back and made me sit on my hands in my wheelchair and I asked you to loosen the cuffs because you made me hit my leg? And I asked have you got your lawsuit papers and you laughed at me!

In September 2019, Lieutenant Snow refused to allow him to sit at a handicapped table in the cafeteria. Cobb asked Lieutenant Snow if had received the grievances he had filed against him. Lieutenant Snow responded, "Cobb, go lay down and die somewhere. And I'm not worried about your paperwork grievances, so, Cobb, shut up and go."

Cobb asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Lieutenant Snow for refusing to allow him to sit at a handicap table and for his verbal response. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Further, "[s]imple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

Here, Cobb does not describe his physical condition or otherwise explain how refusing him access to a handicapped table and requiring him to sit at a different table amounted to deliberate indifference to a serious medical need or a substantial risk of harm. Moreover, while the court does not condone Lieutenant Snow's distasteful response, the allegations suggest that it was an isolated comment in response to an

unpleasant reminder that Cobb had filed grievances and lawsuits against him and that it did not rise to the level of a constitutional violation. Therefore, Cobb may not proceed on an Eighth Amendment claim based on these allegations.

Cobb also asserts a claim against Lieutenant Snow for retaliating against him in violation of the First Amendment. To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). It is not plausible that Lieutenant Snow's response would deter a prisoner of ordinary firmness from engaging in First Amendment activity. Though distasteful, the response suggests no more than an unremarkable level of personal animosity; it does not suggest a deprivation of basic necessities, the threat of physical harm, an increased term of incarceration, or even a loss of privileges. Therefore, Cobb may not proceed on a First Amendment claim on this complaint.

Additionally, Cobb asserts a claim against Lieutenant Snow under the Rehabilitation Act for refusing to allow him access to a handicap table. "To state a claim under the Rehabilitation Act, [a plaintiff] need only allege that (1) he is a qualified person (2) with a disability and (3) the [public entity] denied him access to a program or activity because of his disability." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012). As mentioned above, Cobb does not describe his physical condition in the complaint. Further, Lieutenant Snow is not a public entity that can be sued under

3

the Rehabilitation Act. *See id.* at 670 ("employees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA"); 29 U.S.C. § 794(b). Therefore, Cobb may not proceed on a claim under the Rehabilitation Act on this complaint.

Though Cobb may not proceed on this complaint, the court will give him the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. However, Cobb should file an amended complaint only if, after reviewing this order, he believes that he can state a viable claim.

For these reasons, the court:

(1) GRANTS Malcom D. Cobb, Jr., until December 7, 2020, to file an amended complaint; and

(2) CAUTIONS Malcom D. Cobb, Jr., that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on November 6, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT